UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

THORNTON HAMILTON LLC,

      Plaintiff,

v.

OWNERS INSURANCE COMPANY; and
GIOMETTI & MERENESS P.C.,

      Defendants.

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Owners Insurance Company ("Owners") remove this action from the District Court, Denver County, Colorado (state court case number 2022CV31198) to the U.S. District Court for the District of Colorado on the ground that there is jurisdiction under 28 U.S.C. § 1332(a). In support of removal, Owners states as follows:

### INTRODUCTION

1.    In an attempt to defeat diversity of citizenship, Plaintiff has improperly joined as a co-defendant law firm Giometti & Mereness, P.C. ("Giometti"), coverage counsel retained by Owners following the issuance of a deficient appraisal award. However, there is no possibility Plaintiff will recover anything from Giometti on the grounds asserted in the complaint.

2. Plaintiff purports to bring a claim for negligent misrepresentation against Giometti. However, a claim based on negligence requires that the defendant owed a duty to the plaintiff. Giometti is an attorney who never represented Plaintiff and who also never entered into any other agreement with Plaintiff. Giometti represented Owners, not Plaintiff. Moreover, Giometti openly served as counsel for a party adverse to Plaintiff. Plaintiff does not allege that it ever believed Giometti was representing anyone other than a party adverse to it—Owners. In these circumstances, Giometti owed no duty to Plaintiff under Colorado law.

3. Moreover, Plaintiff does not and cannot allege sufficient facts to maintain its claim against Giometti because the "narrow set of circumstances" in which an attorney may be liable to a non-party do not and cannot exist here.

4. Plaintiff does not have a viable case against Giometti. Giometti has been fraudulently joined solely to defeat diversity jurisdiction, and the attempt fails. This Court has diversity jurisdiction over this action.

## BACKGROUND

5. On April 29, 2022, Plaintiff Thornton Hamilton LLC ("Plaintiff") filed its complaint in the Denver County District Court, Colorado, case number 2022CV31198 ("State Action"). True and accurate copies of all process, pleadings, motions, orders, and other papers filed in the State Action are submitted herewith, as required by 28 U.S.C. § 1446(a) and D.C.COLO.LCivR 81.1.

6. Defendant Giometti consents to removal of the State Action.

7. Plaintiff served Giometti on July 19, 2022. Plaintiff served Owners with its complaint in the State Action on July 19, 2022 via the Division of Insurance. (*See* Affidavit of Service, submitted herewith.)

8. The complaint alleges that Plaintiff's property, a commercial property located at 1070 West Century Drive, Louisville, CO 80027 ("Property"), sustained damage due to a storm on or about June 18, 2018. (Compl. ¶¶ 6, 10.) Plaintiff filed a claim with Owners for the alleged damage resulting from the June 18, 2018 storm. (*Id.* ¶ 11.)

9. The allegations in the Complaint stem from Owners' handling of Plaintiff's insurance claim. The Complaint alleges that Owners "failed and refused to perform a reasonable and timely investigation of Plaintiff's Claim, and unreasonably delayed and denied the payment of covered benefits owed to Plaintiff." (*Id.* ¶ 76.) Plaintiff further alleges that Owners "unreasonably denied the appraisal award." (*Id.* ¶ 77.)

10. The complaint sets forth three claims for relief against Owners: (i) breach of contract; (ii) bad faith breach of contract; and (iii) violation of C.R.S. §10-3-1115 and relief pursuant to §10-3-1116. (*Id.* ¶¶ 79-92.) The complaint sets forth only one claim for relief—negligent misrepresentation—against Giometti. (*Id.* ¶¶ 93-96.)

**GROUNDS FOR REMOVAL**

**I.     REMOVAL IS TIMELY**

11. This notice of removal is filed within 30 days after service of the summons and complaint on Owners. (*See supra* ¶ 7.) Removal of this action is therefore timely under 28 U.S.C. § 1446(b)(1). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999); *see also Smola v. Trumbull Ins. Co.*, 317 F. Supp. 2d 1232, 1233 (D. Colo. 2004).

12. The complaint asserts claims over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and may be removed pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, because the matter in controversy exceeds $75,000 and is between citizens of different states.

II. **COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND OWNERS, AND GIOMETTI HAS BEEN FRAUDULENTLY JOINED**

13. A notice of removal need only plausibly allege facts establishing diversity jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenged or the court questions jurisdiction. *See id.*

14. The Court must consider the citizenship of all members of an LLC in determining whether diversity jurisdiction exists. *Mgmt. Nominees, Inc. v. Alderney Investments, LLC*, 813 F.3d 1321, 1324 (10th Cir. 2016) ("[W]e determine citizenship based on that of the entity's members unless the entity has been formed as a traditional corporation under the relevant state law."); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237 (10th Cir. 2015) ("[O]nly those state-created entities that are corporations, in the traditional understanding of that word, will be treated as a person for purposes of diversity jurisdiction.").

15. Plaintiff is a Colorado Limited Liability Company. Counsel for Owners has conferred with Plaintiff's counsel regarding the citizenship of Plaintiff. Plaintiff's counsel has confirmed and has stipulated that each member of Plaintiff is a citizen of the State of Colorado.

16. Owners is an insurance company organized under the laws of the State of Ohio with its principal place of business in Michigan. (*See* Owners Insurance Company's Corporate Disclosure Statement, filed herewith.) *See also Grynberg v. Kinder Morgan Energy Partners,*

*L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located."). Owners is, therefore, a citizen of Ohio.

17.     Because Owners and Plaintiff are citizens of different states, and Owners is not a citizen of the State of Colorado, there is complete diversity of citizenship between Plaintiff and Owners.

18.     "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest **properly joined** and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

19.     "If the plaintiff fails to state a cause of action against [] the resident defendant who defeats diversity, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399, 1403 (D. Colo. 1989) (denying motion to remand, because plaintiff failed to state a claim against resident defendant). The fraudulent joinder of a defendant will not defeat removal of an action. 13B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3606 (1984).

20.     "Fraudulent joinder need not involve actual fraud in the technical sense." *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013). "Instead, it can occur when the plaintiff joins a 'resident defendant against whom no cause of action is stated' in order to prevent removal under a federal court's diversity jurisdiction." *Id.* (quoting *Dodd v. Fawcett Pubs., Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

21. To demonstrate fraudulent joinder, the defendant need only show that "there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in state court." *Frontier*, 758 F. Supp. at 1404; *accord Miami Pipe Line Co. v. Panhandle E. Pipe Line Co.*, 384 F.2d 21, 27 (10th Cir. 1967) (affirming district court's denial of motion to remand where plaintiff failed to prove possibility of recovery from non-diverse defendant); *Smoot v. Chicago, Rock-Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967) (finding removal and dismissal of claims against non-diverse defendant proper when plaintiff was unable to state a claim against non-diverse defendant).

22. The fraudulent-joinder issue before the court is "whether plaintiff has stated a basis for recovery against resident defendants under state law." *Frontier*, 758 F. Supp. at 1404. Plaintiff brought a claim against Giometti for negligent misrepresentation, which is a tort based on negligence. *Bailey v. Huggins Diagnostic & Rehab. Ctr., Inc.,* 952 P.2d 768, 772 (Colo. App. 1997). Plaintiff states no cognizable basis for recovery against Giometti because Giometti owed no duty to Plaintiff. *Id.* ("To recover on a claim based on negligence, it must be shown that the defendant owed a duty of due care to plaintiff, which duty was breached, causing plaintiff damage.")

23. Plaintiff entered into a contract with Owners, not Giometti. *See Cary v. United of Omaha Life Ins. Co.*, 68 P.3d 462, 466 (Colo. 2003) ("[A]gents of the insurance company—even agents involved in claims processing—do not owe a duty, since they do not have the requisite special relationship with the insured.") And Giometti represented Owners, not Plaintiff. *See Allen v. Steele*, 252 P.3d 476, 482 (Colo. 2011) ("In Colorado, attorneys do not owe a duty of reasonable care to non-clients.")

24. "[T]he attorney-client relationship is a fiduciary relationship in which an attorney's obligation is generally to his or her client and not to a third party." *Bewley v. Semler*, 2018 CO 79, ¶ 18. This rule—known as the strict privity rule—"protects the sanctity of and duties and protections inherent in the attorney-client relationship." *Id.* (quoting *Baker v. Wood, Ris & Hames, P.C.,* 2016 CO 5, ¶¶ 1, 35). The Colorado Supreme Court has recognized limited exceptions to the strict privity rule not applicable here. As a result, an attorney's liability to a non-client is limited to a "narrow set of circumstances in which the attorney has committed fraud or a malicious or tortious act, including negligent misrepresentation." *Allen*, 252 P.3d at 482. "Absent this limitation, lawyers would be potentially liable to an 'unforeseeable and unlimited number of third parties.' . . . Attorneys' liability to non-clients is also limited due to the adversarial nature of litigation, in which injury to a third person often is the direct, intended objective of the attorney's representation." *Id.* (internal cite omitted).

25. Plaintiff's has brought a claim that it labels a "negligent misrepresentation" claim in an attempt to elude the strict privity rule. However, even under Plaintiff's own allegations, this case does not present the "narrow set of circumstances" in which an attorney may be liable to a non-client. The complaint contains no allegation that (i) Giometti made any misrepresentation of a material fact (as opposed to alleged propositions of law), (ii) that the factual misrepresentation was made without reasonable care, or (iii) that reliance on it was justifiable and to Plaintiff's detriment. Moreover, the alleged misrepresentations could not possibly have been made for the benefit of Plaintiff or in the course of a business transaction with Plaintiff, given that Giometti was well-known to Plaintiff to be its opposing counsel.

26. Section 552 of the Restatement (Second) of Torts defines the elements of negligent misrepresentation. *Id.* "The elements of a claim of negligent misrepresentation are: (1) one in the course of his or her business, profession or employment; (2) makes a misrepresentation of a material fact, without reasonable care; (3) for the guidance of others in their business transactions; (4) with knowledge that his or her representations will be relied upon by the injured party; and (5) the injured party justifiably relied on the misrepresentation to his or her detriment." *Allen*, 252 P.3d at 482.

27. Plaintiff's own allegations show that Giometti has been fraudulently joined. According to Plaintiff, "Defendant Giometti owed Plaintiff a duty to not misrepresent pertinent ***policy provisions*** related to the claim." (Compl. ¶ 54 (emphasis added).) But the complaint nowhere identifies any such policy provisions, much less how Giometti supposedly misrepresented them. Instead, the Complaint states Giometti "misrepresented the holdings of ***case law*** that was [sic] cited" in a letter. (*Id.* ¶ 59 (emphasis added).)

28. An ***opposing*** counsel's letter regarding "case law" cannot give rise to any claim for negligent misrepresentation under Colorado common law. Such a letter states alleged propositions of law, not material existing facts. Courts uniformly hold that when a proposition of law is represented, it is a statement of opinion that cannot support a fraud claim, much less one for negligent misrepresentation. *See Brodeur v. Am. Home Assur. Co.*, 169 P.3d 139, 153 (Colo. 2007) ("a representation of law is a statement of opinion as to what the law permits or prohibits, and cannot support an action for fraud"); *see also Metzger v. Baker*, 24 P.2d 748, 749 (Colo. 1933) ("[w]hether there was an ordinance on the subject and if so what it permitted or forbade was a question of law, and the general rule is that a representation of law is a mere expression of

opinion"); *Glass v. S. Wrecker Sales*, 990 F. Supp. 1344, 1351 (M.D. Ala.), *aff'd*, 163 F.3d 1361 (11th Cir. 1998) ("'there is no duty to disclose laws which are accessible to and presumed to be known by all'") (citation omitted); *Stewart v. Texas Lottery Comm'n*, 975 S.W.2d 732, 735 (Tex. App. 1998) ("the law recognizes that there is no duty to inform others of the requirements of the law because all persons are presumed to know the law"). This doctrine has been applied frequently in insurance cases. *See, e.g., Young v. American Family Mut. Ins. Co.*, 2007 WL 1559935, at *3 (D. Ariz. May 29, 2007) ("Defendant did not have an obligation to inform Plaintiffs of the change in the law"); *Advent v. Allstate Ins. Co.*, 862 N.E.2d 871, 879-80 (Ohio App. Ct. 2006) (same); *Haley v. AIG Life Ins. Co.*, 2002 WL 417419, at *5-7 (D.N.D. 2002) (same); *Yoder v. Am. Travellers Life Ins. Co.*, 814 A.2d 229, 233 (Pa. Super. Ct. 2002) (same); *Roy v. Audubon Ins. Co.*, 652 So.2d 995, 997 (La. App. Ct. 1993) (same).

29. Even assuming that the "holdings of case law" were misrepresented, and that Plaintiff relied on those representations, such representations cannot form the basis of Giometti's liability as a matter of law. *Chacon v. Scavo*, 359 P.614, 222–23 (Colo. 1960). In *Chacon*, plaintiffs had entered into a contract with defendants to acquire building sites, but city restrictions precluded the land from being used for the construction of residences. Plaintiffs brought suit, claiming that defendants misrepresented whether residences could be constructed on the sites. The Colorado Supreme Court affirmed dismissal of the claims, holding that plaintiffs could not rely upon representations of what the law will permit because the accuracy of the representations "can be tested by ordinary vigilance and attention." *Id*.

30. As the Colorado Court of Appeals explained in *Two, Inc. v. Gilmore*, 679 P.2d 116 (Colo. App. 1984): "A representation of law is only an expression of opinion and is impotent

to void a contract or support an action for damages. A representation of what the law will or will not permit to be done is one upon which the party to whom it is made has no right to rely." *Id.* at 117. That is true here as well. It is well-established that statements about the law cannot give rise to the type of liability Plaintiff seeks to impose here. Giometti has been fraudulently joined.

31. Not only does Plaintiff in effect attempt to impose on its opposing counsel, Giometti, a duty to give it legal advice, the Complaint also does not allege how the "holdings of case law" were misrepresented in the first instance. The Complaint also contains no allegation that the purported misrepresentation was made "without reasonable care." *See Meier v. Cain*, 2021 WL 5987174, at *2 (D. Colo. Dec. 17, 2021) (dismissing negligent misrepresentation claim where plaintiff failed to allege that the defendant made a false statement or that it did so without reasonable care). Likewise, Plaintiff does not allege that it "justifiably relied on" any misrepresentation by Giometti. Rather, the Complaint states that Plaintiff agreed to "voluntarily vacate the appraisal award due to the threat of litigation contained in Defendant Giometti's letter." (Compl. ¶ 61.) By Plaintiff's own admission, it was the "threat of litigation," rather than any alleged misrepresentation, that Plaintiff relied on. *See Krum v. Chubb Ltd.,* 2022 WL 1561565, at *5 (D. Colo. Jan. 8, 2022), *report and recommendation adopted*, 2022 WL 1558885 (D. Colo. Feb. 10, 2022); *Sedoy v. Provine*, 2017 WL 744024, at *10 (D. Colo. Feb. 27, 2017) (finding that reliance was unjustified).

32. Finally, Plaintiff's negligent misrepresentation claim fails as a matter of law because the alleged misrepresentations were not made for Plaintiff's benefit or to guide Plaintiff

in its "business transaction." *See* Restatement (Second) of Torts § 552[1]; *Allen*, 252 P.3d at 483-84; *Mehaffy, Rider, Windholz & Wilson v. Cent. Bank Denver, N.A.*, 892 P.2d 230, 236 (Colo. 1995), *as modified on clarification* (Feb. 21, 1995).

33. In *Mehaffy*, the Colorado Supreme Court found that a non-client stated a claim against a law firm for negligent of misrepresentation. There, the defendants prepared a series of opinion letters stating that a pending lawsuit had no merit on behalf of their client to induce the plaintiff to buy the client's municipal notes and bonds. After the plaintiff purchased the notes and bonds, the pending lawsuit was successful and the bonds went into default. In finding that the plaintiff stated a claim of negligent misrepresentation, the Court reasoned that the attorneys prepared the opinion letters at the request of their client in order to induce the plaintiff to enter into a mutually-beneficial business relationship. *Id.* at 233, 237. The letters were addressed to and for the benefit of the plaintiff. *Id.* at 237. And the letters were not issued in the context of an adversarial relationship. *Id.*

34. The circumstances in *Mehaffy* are not present here. As stated in the Complaint, Giometti's letter was not issued for the benefit of Plaintiff or to induce a mutually-beneficial business relationship; rather, it was sent in the context of an adversarial relationship and in anticipation of litigation. (Compl. ¶ 60.) *See First Interstate Bank of Denver, N.A. v. Berenbaum*, 872 P.2d 1297, 1301 (Colo. App. 1993) (affirming dismissal of negligent misrepresentation

---

[1] Limiting liability to "loss suffered (a) by the person or one of a limited group of persons **for whose benefit and guidance** he intends to supply the information or knows that the recipient intends to supply; and (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction." Restatement (Second) of Torts § 552(2) (emphasis added).

claim against attorney, noting, "[t]here is no allegation that [attorney] furnished any legal opinion at the request of [client] ***for the benefit of*** [plaintiff].") (emphasis added).

35. Moreover, in *Allen* the Colorado Supreme Court explained that the tort of negligent misrepresentation is limited to "money losses due to misrepresentation in a business transaction." *Allen*, 252 P.3d at 484. The Court made clear that the relying party's "business transaction" must be a "commercial transaction," and that, "the misrepresentation must be given for the plaintiff's business or commercial purposes." *Id.* With respect to representations made in the context of a potential civil lawsuit, the Court stated, "[a]lthough a negligence lawsuit against another party has the potential to affect indirectly a non-client's financial or economic interests, a civil lawsuit does not involve a business or commercial relationship or transaction." *Id.*; *see also Templeton v. Catlin Specialty Ins. Co.*, 612 Fed. Appx. 940, 954 (10th Cir. 2015) (finding that statements about a FINRA arbitration were insufficient to meet the "guidance of others in their business transactions" requirement of a negligent misrepresentation claim).

36. Here, the Complaint admits Giometti's letter was sent following an insurance appraisal and that the alleged misrepresentations were made in the context of threatened litigation. (Compl. ¶¶ 52-61.) The Complaint alleges, "relying on Defendant Giometti's representations, Plaintiff sent a letter agreeing to voluntarily vacate the appraisal award ***due to the threat of litigation contained in Defendant Giometti's letter***." (*Id.* ¶ 61.) Consistent with *Allen*, Giometti's alleged representations were not made in "a business transaction." For that reason as well, Giometti cannot be liable for negligent misrepresentation. *See Allen*, 252 P.3d at 484; *Templeton*, 612 Fed. Appx. at 954; *Nelson v. Csajaghy*, 2015 WL 4035876, at *14 (D. Colo. May 28, 2015) (dismissing negligent misrepresentation claim brought against attorney where

alleged conduct were made while represented clients adverse to plaintiff in a prior lawsuit), *report and recommendation adopted*, 2015 WL 4035225 (D. Colo. June 30, 2015).

37. Given all of the above, Giometti does not owe any duty to Plaintiff, and the "narrow set of circumstances" in which an attorney may be liable to a non-party do not exist here. Plaintiff does not—and cannot—state a basis for recovery against Giometti.

38. In light of these considerations, there is no possibility of relief in a Colorado state trial court against Giometti. If this case were to proceed in state court, the trial court would be required to dismiss the claim against Giometti as a matter of law.

39. For these reasons, Giometti is not a properly joined defendant and its presence in this lawsuit cannot defeat diversity jurisdiction. Complete diversity of citizenship exists.

## III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

40. Under 28 U.S.C. §§ 1332(a) and 1446, the removing party must show that the amount in controversy exceeds $75,000, exclusive of interest and costs.

41. A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*.

42. "Only if it is 'legally certain' that the recovery . . . will be less than [$75,000] may the case be dismissed." *Parnes v. Safeco Ins. Co. of Am.*, No. 15-cv-01947-DME-MEH, 2015 WL 7774282, at *1 (D. Colo. Dec. 3, 2015) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008)).

43. The facts here establish that the amount-in-controversy requirement is met.

44. Plaintiff claims Owners breached its insurance contract and caused Plaintiff damages. (Compl. ¶ 83.) Plaintiff claims that Owners "unreasonably denied the appraisal award," which identified an RCV of $973,781.59 and ACV of $922,987.92. (*Id.* ¶¶ 48, 77.) Plaintiff claims that Auto-Owners has failed to tender any underinsured motorist benefits to Plaintiff. (*Id.* ¶ 86.)

45. Owners denies that it breached the insurance policy, denies that it acted in bad faith, and denies that it unreasonably delayed or denied payment to Plaintiff.

46. Plaintiff seeks relief under C.R.S. §§ 10-3-1115 and -1116. (*Id.* ¶¶ 87-92.)

47. In the event that Plaintiff prevails under C.R.S. § 10-3-1116, Plaintiff seeks to recover two times the covered benefit, attorney fees, and costs. (*Id.* ¶¶ 92, WHEREFORE clause.) Plaintiff is therefore seeking well in excess of $75,000, exclusive of interest and costs.

48. Additionally, Plaintiff seeks to recover an award of attorney fees under C.R.S. § 10-3-1116. (*Id.* ¶ 92.) Plaintiff's demand for attorney fees further confirms that the amount in controversy exceeds $75,000, exclusive of interest and costs. When "a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F. 3d 1337, 1340 (10th Cir. 1998) (citing *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)).

49. Finally, Plaintiff's civil cover sheet filed in state court confirms that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff indicated that it seeks a "monetary judgment over $100,000," excluding interest and costs. (*See* Plaintiff's State Court

Civil Cover Sheet submitted herewith.) Plaintiff's representation on it civil cover sheet establishes for the purposes of federal diversity jurisdiction that Plaintiff seeks in excess of $75,000 in disputed damages, exclusive of interest and costs. *See Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) (noting that state court civil cover sheet unambiguously indicated the amount in controversy was more than $100,000 and that there was "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding").

50.     In light of the foregoing, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

51.     Venue is proper in the District of Colorado. 28 U.S.C. § 1391(b)(2) and 1441(a).

## NOTICE OF REMOVAL

52.     Pursuant to 28 U.S.C. § 1446, the filing of a copy of this notice with the Clerk of the state court effects the removal of the State Action. A copy of the notice of filing of notice of removal filed contemporaneously herewith in the state court is attached as **Exhibit A**.

## NO WAIVER

53.     No waiver and no admission of fact, law, or liability, including, without limitation, the amount of damages, if any, is intended by this notice of removal, and all defenses, affirmative defenses, and rights are hereby reserved.

## REQUEST FOR LIMITED DISCOVERY IF NEEDED

54.     To the extent the Court has any questions regarding the issues of diversity of citizenship between the parties or the amount in controversy, Owners reserves the right to

conduct limited discovery on the issue of diversity jurisdiction, as allowed by *McPhail*, 529 F.3d at 954.

## CONCLUSION

For the reasons set forth above, Owners removes this action to the United States District Court for the District of Colorado.

Dated:  August 16, 2022.                                    Respectfully submitted,


*s/ Evan Stephenson*
Evan Bennett Stephenson
William M. Brophy
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver CO 80203
Telephone:  303.839.3800
Facsimile:  303.839.3838
Email:  estephenson@spencerfane.com
            wbrophy@spencerfane.com

Attorneys for Defendant
Owners Insurance Company

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on August 16, 2022, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and a copy of such filing was emailed to the following:

*s/ Evan Stephenson*