IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 22-cv-02092-RM-SKC

THORNTON HAMILTON LLC,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY, and
GIOMETTI & MERENESS, P.C.,

    Defendants.

_____

## ORDER
_____

This insurance lawsuit is before the Court on the Recommendation of United States Magistrate Judge S. Kato Crews (ECF No. 42) to deny Plaintiff's Motion to Remand (ECF No. 21) and to deny as moot the Motion to Dismiss by Defendant Owners Insurance Company ("Owners") (ECF No. 23), seeking to dismiss Defendant Giometti & Mereness, P.C. ("Giometti") on the basis of fraudulent joinder. Plaintiff has filed an Objection to the Recommendation (ECF No. 44), and Defendants have filed Responses (ECF Nos. 45, 46). For the reasons below, the Court overrules the Objection and accepts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

I.     **LEGAL STANDARDS**

    A.     **Review of a Magistrate Judge's Recommendation**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it

is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

B. **Removal and Fraudulent Joinder**

Where, as here, a case has been removed from state court to this Court based on diversity jurisdiction, "[t]he joinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal." *Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399, 1403 (D. Colo. 1989). To establish fraudulent joinder, the removing party must demonstrate either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher v. Matheson*, 733 F.3d 980 988 (10th Cir. 2013).

C. **Dismissal under Fed. R. Civ. P. 12(b)(6)**

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). To defeat a motion to dismiss, the complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th

2

Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

## II. BACKGROUND

Plaintiff, a Colorado citizen, insured a building and business property in Louisville, Colorado, under a policy issued by Owners. In June 2018, a hail and windstorm caused significant damage to the property, and Plaintiff submitted a claim. When the parties could not agree on the value of the claim, Plaintiff and Owners selected appraisers pursuant to the policy. The appraisers agreed on Chris Weis as the umpire, and he signed an appraisal award for actual and replacement cost values totaling nearly a million dollars.

In May 2020, Plaintiff received a check from Owners along with a letter from Giometti, counsel for Owners, stating its position that Mr. Weis was not qualified to act as an umpire and therefore the appraisal award was invalid. (*See* ECF No. 3-1.) The letter explains that after receiving the appraisal award, Owners learned that Mr. Weis "pled guilty to, and at the time he served as the umpire was under probation for, committing a class 5 felony for theft pursuant to C.R.S. § 18-4-401 arising out of his service as a roofing contractor to repair hailstorm damage in Larimer County." (*Id.* at 3.) The letter states that Owners also learned "Weis also pled guilty to committing a class 5 felony for theft in Denver County." (*Id.* at 4.) And the letter states that Mr. Weis failed to disclose the felonies, as required, raising "questions and concerns pertaining to [his] competence to serve as an umpire." (*Id.* at 5.)

After agreeing to vacate the appraisal award, Plaintiff filed suit in state court against Owners, a Michigan corporation, and Giometti, a Colorado corporation. Plaintiff asserts claims for breach of contract, bad faith, and unreasonable delay against Owners as well as a claim for

3

negligent misrepresentation against Giometti. Owners removed the action to this Court based on diversity jurisdiction. Plaintiff's Motion to Remand and Owners' Motion to Dismiss were referred to the magistrate judge for a Recommendation.

After the Motions were fully briefed, the magistrate judge determined that Giometti's presence in the lawsuit destroys diversity jurisdiction and that its joinder was fraudulent because Plaintiff cannot establish a negligent misrepresentation claim against it. Specifically, Plaintiff failed to plausibly allege that Giometti's May 2020 letter contained any misrepresentations of material fact. Accordingly, the magistrate judge recommends dismissing Giometti from the case, denying Plaintiff's Motion, and denying Owners' Motion as moot.

### III.   ANALYSIS

To state a claim for negligent misrepresentation under Colorado law, a plaintiff must plausibly allege that "(1) one in the course of his or her business, profession or employment; (2) makes a misrepresentation of a material fact, without reasonable care; (3) for the guidance of others in their business transactions; (4) with knowledge that his or her representations will be relied upon by the injured party; and (5) the injured party justifiably relied on the misrepresentations to his or her detriment." *Allen v. Steele*, 252 P.3d 476, 482 (Colo. 2011).

In his Objection, Plaintiff argues that the magistrate judge erred by finding that his allegations failed to establish the second element above. In support of his argument, he cites a single sentence from Giometti's letter: "As a result, Weis was not a proper umpire pursuant to the Policy's terms, and the Appraisal Award is invalid." (ECF No. 44 at 4.) However, "[t]o be actionable as fraud, a misrepresentation must be of an existing or past material fact." *Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 153 (Colo. 2007). The Court agrees with the

4

magistrate judge's determination that neither this sentence nor any other statement in the letter amounts to such a misrepresentation.  Rather, the letter conveys Owner's proposal that, "[i]n light of the significant concerns and issues raised by Weis' prior criminal history for theft involving insurance proceeds, <u>Owners proposes that the parties agree to voluntarily vacate the Appraisal Award,</u> and restart the appraisal process with each side picking fair and competent appraisers, and the appraisers selecting a fair, competent, and impartial umpire."  (ECF No. 3-1 at 5.)  Alternatively, the letter explains that if Plaintiff did not agree to vacating the appraisal award, Owners would be filing a petition or declaratory judgment action in this Court.  (*Id.*)

To the extent the letter contains representations of law, these are insufficient to state a negligent misrepresentation claim.  *See Brodeur*, 169 P.3d at 153 ("[A] representation of law is a statement of opinion as to what the law permits or prohibits, and cannot support an action for fraud.").  Plaintiff does not dispute Mr. Weis's criminal history or that he failed to disclose it in advance of the appraisal award.  (*See* ECF No. 6, ¶¶ 55, 56.)  Defendants' stated positions that these circumstances rendered him not qualified to be an umpire under the policy and required vacatur of the appraisal award constitute representations of law, not of fact.  Thus, they cannot support Plaintiff's negligent misrepresentation claim.  Plaintiff's allegation that Giometti "misrepresented the holdings of case law" (*id.* at ¶ 59) is similarly deficient.

Plaintiff cites *Mehaffy, Rider, Windholz and Wilson v. Central Bank Denver, N.A.*, 892 P.2d 230, 237 (Colo. 1995), for the proposition that mixed statements of law and fact can support a claim for negligent misrepresentation.  But again, he has not identified any *factual* statements in the letter that were false or misleading.  The opinion letters in *Mehaffy* are

5

distinguishable because, the court found, they contained "statements that may constitute statements of fact, not merely representations of law." *Id.* at 238.

Plaintiff's reliance on *Cimino v. State Farm Fire and Casualty Co.*, No. 21-cv-01905-CMA-MDB, 2023 WL 3044765, at *6 (D. Colo. Apr. 21, 2023), which also involved an appraisal by Mr. Weis, is misplaced here as well. In *Cimino*, which is not binding on this Court in any event, "[t]he parties dispute[d] several material facts relating to Mr. Weis's qualifications, background, experience, and training." *Id.* at *6. But here, the absence of a dispute as to any factual statements in Giometti's letter about Mr. Weis's qualifications establishes that dismissal of the claims against this Defendant is appropriate at this stage.

### IV.   CONCLUSION

Therefore, Plaintiff's Objection (ECF No. 44) is OVERRULED, and the magistrate judge's Recommendation (ECF No. 42) is ACCEPTED. The Motion to Remand (ECF No. 23) is DENIED based on fraudulent joinder, and Giometti is dismissed from this lawsuit. Owners' current Motion to Dismiss with respect to Giometti (ECF No. 21) is DENIED AS MOOT, while its Renewed Motion to Dismiss (ECF No. 43) has not been fully briefed and remains pending.

DATED this 13th day of September, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge