IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 22-cv-02092-RM-SKC

THORNTON HAMILTON LLC,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

This insurance lawsuit is before the Court on Defendant's Renewed Motion to Dismiss (ECF No. 43), requesting that the Court dismiss with prejudice Plaintiff's claim for breach of contract. The Motion has been fully briefed (ECF Nos. 50, 52) and is hereby granted for the reasons below.

**I.    LEGAL STANDARD**

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). To defeat a motion to dismiss, the complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative

level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

## II.  BACKGROUND

Plaintiff, a Colorado citizen, insured a building and business property in Louisville, Colorado, under a policy issued by Defendant. In June 2018, hail and wind caused significant damage to the property, and Plaintiff submitted a claim. When the parties could not agree on the value of the claim, the parties selected appraisers pursuant to the policy. The appraisers agreed on Chris Weis as the umpire, and he signed an appraisal award for actual and replacement cost values totaling nearly a million dollars.

In May 2020, Plaintiff received a letter from Defendant stating its position that Mr. Weis was not qualified to act as an umpire and therefore the appraisal award was invalid. (*See* ECF No. 3-1.) The letter explained that after receiving the appraisal award, Defendant learned that Mr. Weis failed to disclose the two felonies he obtained after pleading guilty to theft in two separate cases. (*Id.* at 5.) Although Defendant enclosed a check in the amount of the actual cash value award with the letter, it expressly reserved its right to seek recoupment if Plaintiff accepted the payment. (*Id.*)

Due to the threat of litigation, Plaintiff agreed to vacate the appraisal award. (ECF No. 6, ¶ 6.) Thereafter, the parties discussed settling the matter through a second appraisal process and continued to negotiate the claim. (*Id.* at ¶¶ 65, 69.) Plaintiff sent Defendant a new estimate in September 2020, and an unsuccessful mediation took place in March 2022. (*Id.* at ¶¶ 64, 73.)

Throughout this time, Defendant represented that it wanted to go through the appraisal process again. (*Id.* at ¶ 74.)

In April 2022, Plaintiff filed suit in state court against Defendant, a Michigan corporation, and its counsel, a Colorado corporation. After Defendant removed the action to this Court, Defendant's counsel was dismissed for fraudulent joinder. (ECF No. 49.) Plaintiff is asserting claims for breach of contract, bad faith, and unreasonable delay against Defendant. Defendant requests dismissal of the breach of contract claim only on the grounds that Plaintiff filed suit after the expiration of the policy's two-year limitations period.

### III.   ANALYSIS

Plaintiff does not dispute that he filed suit after the limitations period expired or that Defendant may raise its defense regarding the contractual limitations period in a motion to dismiss. *See Midtown Invs., LP v. Auto-Owners Ins. Co.*, No. 20-cv-01594-PAB-STV, 2021 WL 857732, at *2 (D. Colo. Mar. 8, 2021). Rather, he contends that Defendant induced him "to rely on and believe that a settlement might be affected through ongoing negotiations," and therefore waived this defense. (ECF No. 50 at 1.) The Court is not persuaded.

In Colorado, "waiver is the intentional relinquishment of a known right or privilege." *Id.* at *4 (quotation omitted). In the absence of an explicit waiver, a party may impliedly waive a privilege by engaging in conduct which manifests an intent to relinquish the right or privilege or acting inconsistently with its assertion. *Id.*; *see also Bagher v. Auto-Owners Ins. Co.*, No. 12-cv-00980-REB-KLM, 2013 WL 3010694, at *3 (D. Colo. June 18, 2013) (unpublished). "The party's conduct should be free from ambiguity and clearly manifest the intention not to assert the benefit." *Id.* (quotation omitted).

Here, Plaintiff's allegations that Defendant "sought to have the appraisal process started anew" and "continued to assert that the appraisal process should start anew" (ECF No. 50 at 5) are insufficient to show that Defendant intended to waive its right to assert a timeliness defense if Plaintiff filed suit.  "Mere good faith negotiations, as opposed to an actual settlement offer, do not estop a defendant from asserting a limitations defense, in the absence of an express promise or agreement not to assert the statute."  *Bagher*, 2013 WL 3010694, at *4 (quotation omitted).  Plaintiff fails to allege any conduct by Defendant that unambiguously and clearly manifested the intent not to assert the defense or that was inconsistent with maintaining the ability to do so.  Indeed, in its letter explaining why the appraisal award should be vacated, Defendant expressly reserved "its right to rely upon any other Policy language, facts or law that may be applicable to resolution of any disputed coverage issues."  (ECF No. 3-1 at 5-6.)  In short, neither during the negotiations that followed Plaintiff's agreeing to voluntarily vacate the appraisal award nor at any other time has Defendant clearly manifested an intent to waive its right to assert a limitations defense under the policy.

Further, the Court rejects Plaintiff's additional argument that Defendant "materially breached the policy first by failing to pay the appraisal award."  (ECF No. 50 at 7.)  First, Plaintiff alleges that he voluntarily agreed to vacate the appraisal award in response to Defendant's letter.  Second, Defendant tendered payment of the amount of the award, albeit while reserving the right to seek recoupment.  Thus, Plaintiff has not shown a material breach by Defendant precluding dismissal of his contract claim.

## IV.   CONCLUSION

Therefore, the Court GRANTS Defendant's Motion (ECF No. 43), and Plaintiff's claim for breach of contract is dismissed with prejudice.

DATED this 20th day of November, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge